IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 3 0 2003

Michael N. Milby
Clerk of Court

ARTURO CARREON                          :

VS.                                     :       CIVIL ACTION NO. **B- 0 3 - 2 3 4** .
                                        :
                                        :
BROWNSVILLE MEDICAL CENTER AND          :
TENET HEALTHCARE, LTD                   :               (JURY REQUESTED)

---

**DEFENDANT TENET HEALTHCARE, LTD, D/B/A BROWNSVILLE MEDICAL CENTER'S
NOTIFICATION OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **TENET HEALTHCARE, LTD, d/b/a BROWNSVILLE MEDICAL CENTER,** hereinafter

referred to as " "Brownsville Medical Center" or "BMC", Defendant in the above-entitled and numbered cause,

and pursuant to 28 U.S.C.A. § 1331 (West 1993), files this its Notification of Removal, and for cause therefore

would respectfully show unto the Court as follows:

I.

On or about December 5, 2003, a civil action was commenced by Plaintiff, Arturo Carreon, in Cause

No. 2003-12-5878-B, styled "Arturo Carreon vs. Brownsville Medical Center and Tenet Healthcare, Ltd" in the

138th Judicial District Court of Cameron County, Texas.  Although the Plaintiff in the style of the state court

case lists Brownsville Medical Center and Tenet Healthcare, Ltd., as individual defendants, Plaintiff properly

identifies the hospital entity in the body of the state court pleadings as "Defendant Tenet Healthcare, Ltd.,

doing business in Brownsville, Texas, as 'Brownsville Medical Center.' " There is really only one defendant, the hospital.

## II.

Plaintiff's Original Complaint was filed on December 5, 2003, and was served upon Defendant, Brownsville Medical Center, by certified mail on December 12, 2003, through its registered agent, C.T. Corporation System.

## III.

Pursuant to 28 U.S.C.A. § 1446(b) (West 1994), Defendant has removed this civil action within thirty (30) days after the receipt by Defendant of the petition wherein it was first ascertained that this case is one that is removable to this honorable Court.

## IV.

The action described herein is a civil action over which this court has jurisdiction under the provisions of 28 U.S.C.A. § 1331 (West 1993) and is one which may be removed to this Court by petitioner because this is a case involving federal questions wherein the U.S. Government is not a party. The complaint alleges a federal claim under 42 U.S.C. § 1395dd.

## V.

A true copy of the Defendant's answer filed in the state court and the docket sheet and all process and pleadings in the state district court litigation which have been filed are included and attached to the index of matters being filed.

## VI.

Notice of this Removal to federal Court has been provided to the state district court where this suit originated, and notice has also been provided to the Plaintiff by and through his attorney.

WHEREFORE, PREMISES CONSIDERED, Petitioner, Tenet Healthcare, Ltd, d/b/a Brownsville Medical Center, prays that the above action now pending against it in the 138th District Court of Cameron County, Texas, be removed therefrom to this honorable Court.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
Harlingen, Texas 78550
Phone:          956/428-7495
Fax:            956/428-2954
FCHamby@adamsgraham.com
WillHughes@adamsgraham.com
RHughes@adamsgraham.com

By: _____
Ferriel C. Hamby, Jr.*
State Bar No. 08817000
Federal I.D. No. 1097

**Roger W. Hughes**
State Bar No. 10229500
Federal I.D. No. 5950

**Will Hughes**
State Bar No. 10240100
Federal I.D. No. 15809

ATTORNEYS FOR DEFENDANT
**BROWNSVILLE MEDICAL CENTER**
*Attorney in Charge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _30th_ day of December, 2003.

Mr. Denis A. Downey                          *Via CM/RRR No. 7001 2510 0002 8956 0305*
ATTORNEY AT LAW
1185 F.M. 802, Suite 3
Brownsville, TX 78521

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARTURO CARREON                          :
                                        :
VS.                                     :        CIVIL ACTION NO. **B - 0 3 - 2 3 4**
                                        :
BROWNSVILLE MEDICAL CENTER AND          :
TENET HEALTHCARE, LTD                   :              (JURY REQUESTED)

---

| INDEX OF MATTERS BEING FILED |
| --- |

1.    Docket Sheet;

2.    Plaintiff's Original Complaint;

3.    Copy of citation issued to Tenet Healthcare Ltd.

4.    Original Answer of Tenet Healthcare, Ltd, d/b/a Brownsville Medical Center;

5.    Jury Demand of Defendant Tenet Healthcare, Ltd, d/b/a Brownsville Medical Center;

Respectfully submitted,
**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
Harlingen, Texas 78550
Phone:        956/428-7495
Fax:          956/428-2954
FCHamby@adamsgraham.com
WillHughes@adamsgraham.com
RHughes@adamsgraham.com

By: _____
**Ferriel C. Hamby, Jr.***
State Bar No. 08817000
Federal I.D. No. 1097

**Roger W. Hughes**
State Bar No.10229500
Federal I.D. No. 5950

**Will Hughes**
State Bar No.10240100
Federal I.D. No. 15809

ATTORNEYS FOR DEFENDANT
**BROWNSVILLE MEDICAL CENTER**
*Attorney in Charge

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _30__ day of December, 2003.

Mr. Denis A. Downey                        *Via CM/RRR No. 7001 2510 0002 8956 0305*
ATTORNEY AT LAW
1185 F.M. 802, Suite 3
Brownsville, TX 78521

Roger W. Hughes

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARTURO CARREON                          :
                                        :
VS.                                     :        CIVIL ACTION NO. _____
                                        :
BROWNSVILLE MEDICAL CENTER AND          :
TENET HEALTHCARE, LTD                   :        (JURY REQUESTED)

---

| LIST OF ALL COUNSEL OF RECORD |

---

## ATTORNEY FOR THE PLAINTIFF:

Mr. Denis A. Downey
State Bar No. 06085500
Federal I.D. No. 1186
ATTORNEY AT LAW
1185 F.M. 802, Suite 3
Brownsville, TX 78521
Telephone:     (956) 544-0561
Fax:           (956) 544-0562


## ATTORNEY FOR DEFENDANT:

**Ferriel C. Hamby, Jr.**
State Bar No. 0817000
Federal I.D. No. 1097
**Roger W. Hughes**
State Bar No. 10229500
Federal I.D. No. 5950
**Will Hughes**
State Bar No. 10240100
Federal I.D. No. 15809
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren St., West Tower
P. O. Drawer 1429
Harlingen, TX 78551-1429
Telephone:     956-428-7495
Fax:           956-428-2954
FCHamby@adamsgraham.com
WillHughes@adamsgraham.com
RHughes@adamsgraham.com

---

RUN DATE 12/23/03
RUN TIME 11:22 AM

BROWNSVILLE MEDICAL CENTER AND TENET HEALTHCARE,

ARTURO CARREON

VS

* * * C L E R K ' S   E N T R I E S * * * *

00005901
HON. DENIS A. DOWNEY
1185 F.M. 802, SUITE 3
BROWNSVILLE, TX.　　78526 1538

(10)

DAMAGES

00001215
HON. FERRIEL C. HAMBY, JR.
P.O. DRAWER 1429
HARLINGEN TX.　　78551 1429

12/05/03 ORIGINAL PETITI
12/05/03 CITATION (CM):
12/05/03 SERVED: 12/1
12/22/03 ORIGINAL ANSWER
12/22/03 JURY FEE: Pd. b
HAMBY, JR.

FILED ___2:50___ O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

DEC 0 5 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Reynaldo_ ___ DEPUTY

CAUSE NO. _2003 12-5878-B_

ARTURO CARREON                     }    IN THE _132_ DISTRICT COURT
  Plaintiff                         }
             }    OF
VS.                                }
             }
BROWNSVILLE MEDICAL CENTER         }
and TENET HEALTHCARE, LTD          }
  Defendants                        }    CAMERON COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Arturo Carreon and would show as follows:

### I.

Plaintiff is a resident of Cameron County, Texas where all causes of action arose.

### II.

Defendant Tenet Healthcare, LTD., doing business in Brownsville, Texas as "Brownsville Medical Center" ("BMC") may be served by certified mail, return receipt requested, through its registered agent, CT Corporation System at 350 North Saint Paul Street, Dallas, Texas 75201.

### II.

### FACTUAL ALLEGATIONS

At all relevant times Plaintiff was a resident of Cameron County Texas who was without health insurance and without the means to pay for emergency or other medical services. On or about December 14, 2001 Plaintiff's lower leg was shattered in an accident and thereafter Plaintiff was taken to the emergency room of the Brownsville Medical Center for treatment. The severity of Plaintiff's injury was extremely obvious. Because of the fact that Plaintiff did not have private

1


SCANNED
DEC 1 2003

insurance and lacked the ability to pay for the emergency services clearly needed, rather than provide the medical services immediately and urgently necessary, Plaintiff was told to go home, elevate the fractured leg and place ice thereon. Such instructions were given notwithstanding the severe nature of injury which had been diagnosed as complex fracture of the tibia. The clear consequences of failing to treat Plaintiff's emergency properly were to place Plaintiff at risk of death through embolism, at risk of permanent neurological damage, at risk of permanent disfigurement, to cause the permanent diminsihed of use of such leg, to cause Plaintiff excruciating pain and ultimately a necessity for surgery to rebreak and repair the said leg.

### III.

Plaintiff says that Defendants' conduct violated relevant anti-dumping statutes which make it illegal for hospitals that accept emergency cases and also receive federal Medicare or Medicaid funds to fail to properly treat an emergency medical condition. As a result of Defendants' conduct Plaintiff's health was placed in serious jeopardy, Plaintiff suffered severe pain and a serious dysfunction of his leg.

### IV.

Plaintiff says that a significant award of punitive damages should be made because Defendants have a history of patient dumping and a history of not providing adequate funding to staff physicians who are required by hospital bylaws to provide emergency medical services. As a result, there are not a sufficient number of physicians available to properly handle emergency cases and those who are available are grossly underpaid. Such emergency room conditions are unconscionable because the Brownsville Medical Center's profits typically exceed $40.0 million annually.

SCANNED
DEC 1 2003

## V.

Plaintiff says that all conditions precedent have been performed or have occurred.

WHEREFORE, premises considered, Plaintiff prays that:

1- Citation issue and be served upon both defendants;

2- Plaintiff have and recover court costs, pre and post judgment interest, attorneys fees, and damages all in excess of the court's minimum jurisdictional limit;

3- Plaintiff have such other and further relief to which he may be justly entitled.

Respectfully submitted,

DENIS A. DOWNEY
State Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526
956-544-0561 / 956-544-0562 (FAX)

SCANNED
DEC 1 1 2003

**ATTACH RETURN RECEIPTS WITH**

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

TENET HEALTH CARE, LTD

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
CT CORPORATION SYSTEM
Street, Apt. No.;
or PO Box No. 350 N. ST. PAUL STREET
City, State, ZIP+4
DALLAS, TEXAS 75201

PS Form 3800, June 2002          See Reverse for Instructions

---

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __5th__ of

DECEMBER  2003,  I mailed to

TENET HEALTH CARE, LTD

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. __821409__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: __Reynaldo Lopez Jr.__, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2003-12-005878-B

T H E   S T A T E   O F   T E X A S                    **ORIGINAL**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TENET HEALTH CARE, LTD
    SERVING REGISTERED AGENT
    CT CORPORATION SYSTEM
    350 NORTH SAINT PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL COMPLAINT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____COMPLAINT_____ was filed on _____. A copy of same accompanies this citation.

The file number of said suit being No. 2003-12-005878-B.

The style of the case is:

ARTURO CARREON
VS.
BROWNSVILLE MEDICAL CENTER AND TENET HEALTHCARE,

Said petition was filed in said court by _____HON. DENIS A. DOWNEY_____
(Attorney for _____PLAINTIFF_____), whose address is
1185 F.M. 802, SUITE 3 BROWNSVILLE, TX. 78526-1538                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 5th day of DECEMBER, A.D. 2003.

AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Reynaldo Lopez Jr._____, Deputy

SCANNED
DEC 1 1 2003

ATTACH RETURN RECEIPTS     TH

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

TENET HEALTH CARE, LTD

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  CT CORPORATION SYSTEM
Street, Apt. No.;
or PO Box No. 350 N. ST. PAUL STREET
City, State, ZIP+4
DALLAS, TEXAS 75201

PS Form 3800, June 2002          See Reverse for Instructions

CERTIFICATE OF DELIVERY OF MAIL

hereby certify that on the  5th  of

DECEMBER  2003,  I mailed to

TENET HEALTH CARE, LTD

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  821409
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By: *Reynaldo Lopez Jr.* , Deputy

CAUSE NO. 2003-12-5878-D

FILED
AURORA DE LA GARZA, DIST. CLERK

DEC 2 2 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

ARTURO CARREON                              :          IN THE DISTRICT COURT

VS.                                         :          OF CAMERON COUNTY, TEXAS

BROWNSVILLE MEDICAL CENTER AND              :
TENET HEALTHCARE, LTD                       :          138TH JUDICIAL DISTRICT

---

### ORIGINAL ANSWER OF DEFENDANT, TENET HEALTHCARE, LTD, D/B/A BROWNSVILLE MEDICAL CENTER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TENET HEALTHCARE, LTD, d/b/a BROWNSVILLE MEDICAL CENTER, hereinafter referred to as "Brownsville Medical Center", the Defendant in the above styled and numbered cause, and files this its Original Answer in reply to Plaintiff's Original Complaint and in connection therewith would respectfully show unto the Court the following:

I.

#### General Denial

Comes again the Defendant, by and through undersigned counsel and without the benefit of discovery, and herewith enters its general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure, thereby, under the law, generally denying the allegations contained in the Plaintiff's Original Complaint, and, pursuant to the law, placing the burden of proof upon the Plaintiff to prove each and every material allegation in his petition contained.

II.

Pre-Existing or Subsequent Illnesses, Conditions, ... ... and/or Injuries

Pleading alternatively, through the undersigned counsel and ... ... the benefit of discovery, Plaintiff's complaints, if true, which are denied, did not result from any act or omission of this Defendant, but rather were the effect of pre-existing or subsequent illnesses, conditions, diseases and/or injuries for which this Defendant can not be held liable.

III.

Independent Intervening Causes

Comes again this Defendant and, acting by and through the undersigned counsel and without the benefit of discovery, would allege, in the alternative and without accepting any allegation in the Plaintiff's petition, says that any causal connection that may have existed, and it is expressly denied, between any alleged act and/or omission of the Defendant and Plaintiff's claimed damages, was broken by independent, intervening causes.

IV.

Acts of Third Parties

Pleading alternatively, through the undersigned counsel and without the benefit of discovery, if Plaintiff's complaints are true, which is denied, then Plaintiff's damages, if any, would have been caused, in whole or in part, by the acts or omissions of third parties over whom this Defendant had no control or right of control and for which this Defendant can not be held liable.

V.

## EMTALA Affirmative Defense

Comes again the Defendant and affirmatively pleads that at all times material hereto the patient received an appropriate medical screening exam and that the patient was stabilized.

VI.

## Credits and Contributions

Comes again this Defendant, through the undersigned counsel and without the benefit of discovery, and herewith affirmatively pleads and reserves the following rights as guaranteed by Chapter 33 of the Texas Civil Practice and Remedies Code:

A.    The right to elect the application of credit toward any judgment which may be obtained in this case;

B.    The right to a determination by the tried fact on the issue of the percentage of responsibility of each claimant, each defendant, each non-suited defendant, each contributing defendant, each settling person and each responsible third party designated in accordance with Section 33.004 of the Texas Civil Practice and Remedies Code;

C.    The right to full reduction or limitation of any sums which may be recovered by the claims; and

D.    The right to contribution from any other person or entity found to be liable to the claimants.

Accordingly, this Defendant reserves its statutory right to contribution or credit with respect to the other parties in this case as set forth in Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, Vernon's Annotated Texas Civil Statutes. This Defendant specifically reserves the right to submit issues to the jury inquiring of the alleged responsibility of all parties joined by the Plaintiff as defendants in this cause, those defendants non-suited by Plaintiff in this cause, and all settling defendants and designated responsible third parties and reserves the right to elect for a dollar for dollar credit for any settlement of monies or other valuable consideration paid or agreed upon or for the benefit of the Plaintiff, or, alternatively, reserves the

statutory right to avail itself of such percentage reduction or/and credits as provided by the statute and the common law.

VII.

<u>Unavoidable Complication and/or Unavoidable Accident and/or Act of God</u>

Comes again the Defendant, acting by and through the undersigned counsel and without the benefit of discovery, and pleading alternatively, alleges that the damages, if any, claimed by the Plaintiff are the result of unavoidable complication and/or unavoidable accident, act of God, and not due to any negligence of the Defendant.

VIII.

<u>Statutory Caps</u>

Comes again this Defendant, through the undersigned counsel and without the benefit of discovery, and herewith reasserting its denials heretofore pled herein but pleading further through its undersigned counsel and in the alternative says that while denying that the Plaintiffs should recover money damages from this Defendant, Defendant states that in the unlikely event that any such recovery is had, such recovery is limited in accordance with Article 4590i, Section 11.02, or, pleading in the alternative, Article 4590i, Section 11.03, of the Texas Revised Civil Statutes Annotated, and is further limited by Chapter 41 o f the Texas Civil Practice & Remedies Code as well as other statutes in this state restricting the amount of recovery in this case, including House Bill 4, Chapter 74, of the Civil Practice & Remedies Code, all of which are affirmatively urged as part of Defendant's defense herein..

IX.

<u>Payment and Discharge</u>

Furthermore, Defendant, pleading through the undersigned counsel, would allege and show that all such medical expense payments made by Medicare and/or Medicaid for or on behalf of Plaintiff constitutes

a discharge of any indebtedness over ... ... ... ... ... ... ... by Medicare and/or Medicaid precluding my further recovery of such expenses from Defendant ... ... ... ... any balances remaining after such Medicare/Medicaid payments.

## X.

### Setoff, Offset and/or Reduction of Medical Expense

Defendant, pleading further through its undersigned counsel, affirmatively pleads that it is entitled to a credit, setoff and/or offset for those medical and/or health care services expenses which Plaintiff and any intervenors are claiming as well as for hospitalizations at BROWNSVILLE MEDICAL CENTER for the amount of any private payer or governmentally mandated reduction in charges as a result of Medicare, Medicaid, and any other federally funded program. To the extent that any bills or portions of bills incurred at defendant facility are still owing, or written off, these amounts should be setoff, offset, and/or credited against any claim for past medical care in the unlikely event that the jury in this case finds the Plaintiff should be entitled to recover same.

## XI.

### Comparative Conduct

Comes again this Defendant, by and through undersigned counsel and without the benefit of discovery and says that if the evidence discloses negligence on the part of Plaintiff herein which solely caused and/or proximately caused the Plaintiff's alleged damages herein, Defendant herewith affirmatively pleads and will urge said comparative faults at time of trial herein.

## XII.

### Interest in a Medical Malpractice Case

Defendant affirmatively pleads the provisions of § 16.02 of Article 4590i.

XIII.

Unconstitutionality of Punitive Damages

These legal contentions are for the court only. The claims for punitive, exemplary, or enhanced damages and/or any judgment for same are unenforceable due to the following:

A.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiffs should therefore be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiffs to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of American and the State of Texas.

B.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the State of Texas.

C.  On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

D.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same constitution.

E.  On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment due process clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

XIII.

WHEREFORE, PREMISES CONSIDERED, this Defendant prays that upon final hearing hereof that Plaintiff not recover as prayed for in Plaintiffs Original Complaint, and for such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78550
Phone:        956/428-7495
Fax           956/428-2954
FCHamby@adamsgraham.com


By: _____
     Ferriel C. Hamby, Jr.
     State Bar No. 08817000
     CCID No. 1215

     Roger W. Hughes
     State Bar No. 10229500
     CCID No. 1206

     Will Hughes
     State Bar No.10240100
     CCID No. 1227

ATTORNEYS FOR DEFENDANT
BROWNSVILLE MEDICAL CENTER

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _22_ day of December, 2003.

Mr. Dean A. Toomey                              Via CM/RRR No. 7004 2510 0002 8956 0343
ATTORNEY AT LAW
1105 E.W. Rd., Suite 3
Brownsville, TX 78521

CAUSE NO. 2002-12-5078-D

ARTURO CALDERON                      :

VS.                                  :

BROWNSVILLE MEDICAL CENTER AND       :
TENET HEALTHCARE, LTD                :

DEC 2 2 2003

DISTRICT COURT OF CAMERON COUNTY

OF CAMERON COUNTY, TEXAS

138TH JUDICIAL DISTRICT

JURY DEMAND OF DEFENDANT,
TENET HEALTHCARE, LTD., D/B/A BROWNSVILLE MEDICAL CENTER

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, the Defendant, TENET HEALTHCARE, LTD., D/B/A BROWNSVILLE MEDICAL CENTER, hereinafter referred to as " "Brownsville Medical Center", has deposited with the District Clerk of Cameron County, Texas, the jury fee of Thirty and no/100 Dollars ($30.00) and does make this, its Jury Demand, in the above styled and numbered cause.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78550
Phone  956/428-7495
Fax         956/428-2954
FCHamby@adamsgraham.com

By: _____
Ferriel C. Hamby, Jr.
State Bar No. 08817009
CCID No. 1215

Roger W. Hughes
State Bar No. 10229500
CCID No. 1206

Will Hughes
State Bar No.10240100
CCID No. 1227

ATTORNEYS FOR DEFENDANT
**BROWNSVILLE MEDICAL CENTER**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 22 day of December, 2003.

Mr. Denis A. Downey                         *Via CM/RRR No. 7001 2510 0002 8956 0343*
ATTORNEY AT LAW
1185 F.M. 802, Suite 3
Brownsville, TX 78521