IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 3 2004

Michael N. Milby
Clerk of C--

| | | |
|---|---|---|
| ARTURO CARREON | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. B-03-234 |
| | : | |
| BROWNSVILLE MEDICAL CENTER AND | : | |
| TENET HEALTHCARE, LTD | : | (JURY REQUESTED) |



1.  State where and when the meeting of the parties required by rule 26(f) was held, and identify the counsel who attended for each party.

    **On January 13, 2004, at the Law Offices of Denis Downey.**

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **None. (Note, this case was removed from the 138th District Court in Cameron County, Cause No. 2003-12-5878-B)**

3.  Briefly describe what this case is about.

    **Plaintiff is alleging an EMTALA claim. Plaintiff is not alleging a malpractice claim and this is purely a federal statutory cause of action. Plaintiff contends he was not appropriately screened and stabilized.**

4.  Specify the allegation of federal jurisdiction.

    **Defendant alleges removal jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441.**

5.  Name the parties who disagree and the reasons.

    **No disagreement as to federal jurisdiction.**

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Limitations has run on this claim, so no other parties can be added by plaintiff. At this time BMC does not anticipate adding any other parties.

7. List anticipated intervention.

   None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties will make initial disclosures within 14 days of the 26(f) conference.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in rule 26(f).

       The parties agree to provide responses to the matters raised in rule 26(f) as set forth above.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       Within 30 days from the 26(f) conference will send requests for production and may also send written deposition questions to various subsequent treating physicians

    C. When and to whom the defendant anticipates it may send interrogatories.

       Within 30 days from the 26(f) conference, will send requests for production, and will send requests for admission concerning nature of claims and may also send written deposition questions to various subsequent treating physicians

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

       The ED physicians, and one or more nurses within 90 days

    E. Of whom and by when the defendant anticipates taking oral depositions.

       The plaintiff and his mother, subsequent treaters to include possibly Dr. Bossolo and Dr. Olsen.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff anticipates designating retained testifying experts and providing reports of retained testifying experts within 180 days of the scheduling conference and defendant anticipates designating retained testifying experts and providing reports of retained testifying experts within 240 days of the scheduling conference.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. . See rule 26(a)(2)(B) (expert report).

**The parties anticipate taking depositions within sixty (60) days of designation.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Not applicable.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**BMC provided a copy of the ED charts of the plaintiff to plaintiff's counsel at the 26(f) conference. Plaintiff allowed defense counsel to look at two x-rays in his possession for the 12-07-02 ED visit.**

13. State the date the planned discovery can reasonably be completed.

**The parties anticipate completing discovery within 9-10 months after the Scheduling Conference.**

14. Describe the possibilities for a prompt settlement of resolution of the case that were discussed in your rule 26(f) meeting.

**The parties have discussed mediating the case and engaging in informal discussions pending conducting initial discovery.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution. Brownsville Medical Center has solicited a settlement demand.

**Parties have discussed mediating this case following initial discovery.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable suitable.

**Mediation following initial discovery.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Plaintiffs and defendants are undecided at this time.**

18. State whether a jury demand has been made and if it was made on time.

    **Jury demand was timely made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiff anticipates it will take approximately 6 hours to present evidence in this case and BMC anticipates it will take approximately 10 hours at this time.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.-

    **The parties disagree as to the applicability of Chapter 74 of the Texas Civil Practice and Remedies Code.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **BMC filed its Disclosure of Interested Parties as directed by the Order of Conference on the 14th day of January, 2004. Plaintiff will file his disclosure as required by the scheduling order.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    ATTORNEY FOR THE PLAINTIFF:
    Mr. Denis Downey
    State Bar No. 06085500
    Federal I.D. No. 1186
    1185 F.M. 802, Suite 3
    Brownsville, TX 78521
    tel:956-544-0561
    fax:956-544-0562            Approved: _____

ATTORNEYS FOR DEFENDANT/PETITIONER
TENET HEALTHCARE, LTD. D/B/A BROWNSVILLE MEDICAL CENTER
Ferriel C. Hamby, Jr.
State Bar No. 0817000
Federal I.D. No. 1097

Will Hughes
State Bar No. 10240100
Federal I.D. No. 15809

Roger W. Hughes
State Bar No. 10229500
Federal I.D. No. 5950

ADAMS & GRAHAM, L.L.P.
222 E. Van Buren St., West Tower
P. O. Drawer 1429
Harlingen, TX 78551-1429
tel:956-428-7495
fax:956-428-2954           Approved: _____