B-03-234

**Westlaw Attached Printing Summary Report**
**for**
**CLARK, SCOTT 3041366 Monday, January 26, 2004 11:27:09 Central**

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

| | |
|---|---|
| Request Created Date/Time: | Monday, January 26, 2004 11:27:00 Central |
| Client Identifier: | B 1479 |
| Database: | ALLFEDS |
| Citation Text: | 117 F.3d 1421 (Table) |
| Query Text: | EMTALA /60 ANKLE |
| Lines: | 114 |
| Documents: | 1 |
| Images: | 0 |

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

117 F.3d 1421 (Table)
**Unpublished Disposition**

**(Cite as: 117 F.3d 1421, 1997 WL 397200 (6th Cir.(Tenn.)))**
**C**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Gary L. PHIPPS, Plaintiff-Appellant,

v.

BRISTOL REGIONAL MEDICAL CENTER, Defendant-Appellee.

**No. 96-5786.**

July 14, 1997.

On Appeal from the United States District Court for the Eastern District of Tennessee, No. 95-00314; Hull, Judge.

Before: JONES , SUHRHEINRICH , and SILER , Circuit Judges.

PER CURIAM.

****1** Plaintiff, Gary L. Phipps, appeals the district court's grant of summary judgment to defendant, Bristol Regional Medical Center ("Bristol"). Specifically, Phipps argues that the district court incorrectly determined that he did not suffer from an "emergency medical condition" under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(e)(1) , and that Bristol violated the "anti-dumping" provisions of the EMTALA. For the following reasons, we AFFIRM the decision of the district court.

## I. BACKGROUND

Bristol is a health care facility in Bristol, Tennessee. Phipps was involved in an automobile accident on August 25, 1994, in which he injured his nose, elbow, and right foot and leg. He was taken to Bristol's emergency room, where Dr. Roger F. Galloway treated him. Dr. Galloway advised him that his ankle and foot were possibly broken and that he should immediately make an appointment with Dr. Fred Knickerbocker, an orthopedic surgeon. After being discharged from the hospital, Phipps contacted Dr. Knickerbocker, who refused to treat him because he did not accept TennCare patients. [FN1] Phipps subsequently informed Bristol of Dr. Knickerbocker's refusal and was advised to contact TennCare. He spent nearly three weeks trying to find another doctor and was ultimately seen by Dr. John Sherrill, a family practitioner, who determined that his ankle required surgery. Under the direction of TennCare, Phipps traveled to Vanderbilt University in Nashville for treatment.

FN1. Tenncare is a federally approved state medical program that provides medical services to Tennessee citizens in lieu of Medicaid.

## II. DISCUSSION

The EMTALA defines an "emergency medical condition" as:

a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in--

(i) placing the health of the individual ... in serious jeopardy,

(ii) serious impairment to bodily functions, or

(iii) serious dysfunction of any bodily organ or part.

42 U.S.C. § 1395dd(e)(1)(A) . In *Thornton v. Southwest Detroit Hospital,* 895 F.2d 1131, 1134 (6th Cir.1990) , the court reviewed section 1395dd(e)(1) and held that "a patient suffers from an emergency medical condition if she is in imminent danger of death or serious disability." In *Cleland v. Bronson Health Care Group, Inc.,* 917 F.2d 266, 268-69 (6th Cir.1990) , the court interpreted "appropriate

medical screening" to mean a screening that the hospital would have provided to any paying patient.

Relying on *Thornton*, the district court found that Phipps did not suffer from an emergency medical condition because, although "[he] was in need of orthopedic surgery for his broken ankle, he was not in imminent danger of death or serious disability." It further found that the evidence was undisputed that Dr. Galloway provided appropriate medical screening.

The record indicates, and Phipps submits no evidence to the contrary, that Bristol provided appropriate medical screening to Phipps. When Phipps arrived at Bristol, he complained of a "hurt right ankle," a bumped nose and elbow, depression, and suicidal thoughts. The hospital staff attended to Phipps's nose and elbow and x-rayed his ankle. Dr. John Hutchison, a radiologist, reviewed the x-ray and determined that Phipps had a fracture of the medial malleolus with moderate overlying soft tissue swelling and possibly a fracture through the lateral margin of the talus.

****2** The record is not as clear in regard to whether Phipps's ankle injury was an emergency medical condition. However, assuming without deciding that Phipps's injury constituted an emergency medical condition, Bristol satisfied the requisites of the EMTALA by properly stabilizing the condition prior to releasing Phipps.

"To stabilize" in accordance with the EMTALA means to provide for an individual with an emergency medical condition "such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility." 42 U.S.C. § 1395dd(e)(3)(A) . "Stabilized" means that no material deterioration of the emergency medical condition "is likely, within reasonable medical probability, to result from or occur during the transfer of the individual from a facility." 42 U.S.C. § 1395dd(e)(3)(B) .

Dr. Galloway properly stabilized Phipps for what Dr. Galloway anticipated would be a twenty-four hour period before Phipps saw an orthopedic surgeon. After determining that Phipps had a fractured ankle, Dr. Galloway applied an L- shaped, plaster splint to Phipps's leg, ankle, and foot to immobilize the ankle. He then provided Phipps with a pair of crutches, instructed him on their use, and discharged him only after he "demonstrated an ability to ambulate with the assistance of the crutches." After consulting with the orthopedic surgeon on call, he instructed Phipps to make an appointment with Dr. Knickerbocker the following day and to keep his leg elevated to minimize swelling. He also cautioned Phipps against putting weight on his ankle. Additionally, Dr. Galloway, concerned about Phipps's depression and suicidal thoughts, made an appointment for Phipps to see a counselor at the MentalHealth Center. Only after procuring this care for Phipps did the doctor release him from Bristol. The record, therefore, contains no evidence that Bristol refused to provide Phipps with necessary treatment because he was unable to pay for care.

AFFIRMED.

117 F.3d 1421 (Table), 1997 WL 397200 (6th Cir.(Tenn.)) Unpublished Disposition

END OF DOCUMENT

Case 1:03-cv-00234 Document 14-6 Filed in TXSD on 10/27/2004 Page 4 of 4

PEALS

IIONS

| Appeal from and Citation (if reported) |
|---|
| N.D.Ohio |
| M.D.Tenn. |
| E.D.Ky. |
| N.D.Ohio |
| E.D.Mich. |
| E.D.Ky. |
| W.D.Mich. |
| N.D.Ohio |
| N.D.Ohio, 869 F.Supp. 533 |
| E.D.Ky. |
| E.D.Mich. |
| E.D.Mich. |
| E.D.Ky. |
| S.D.Ohio |
| N.D.Ohio |
| E.D.Tenn. |
| N.D.Ohio |
| S.D.Ohio |
| N.D.Ohio |
| part, in part — E.D.Mich. |
| W.D.Mich. |
| E.D.Mich. |
| E.D.Mich.; Appealing after remand 7 F.3d 506 |
| S.D.Ohio |
| W.D.Mich. |
| M.D.Tenn. |



## DECISIONS WITHOUT PUBLISHED OPINIONS—Continued

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| N.L.R.B. v. American Ecology Recycle Center, Inc. | 97-5573 | 6/24/97 | Order Enforced | N.L.R.B. |
| N.L.R.B. v. Transmart, Inc. | 96-5509 | 6/24/97 | Enforcement Granted | N.L.R.B. |
| Pascual v. Anchor Advanced Products, Inc. | 96-5453 | 7/10/97 | Affirmed | E.D.Tenn., 819 F.Supp. 728 |
| Phipps v. Bristol Regional Medical Center | 96-5786 | 7/14/97 | Affirmed | E.D.Tenn. |
| Roach v. Chater | 96-5780 | 6/16/97 | Affirmed | E.D.Tenn. |
| Rondy, Inc. v. C.I.R. | 95-2259 | 7/1/97 | Affirmed | U.S.T.C. |
| Simmons v. Middle Tennessee State University | 95-6111 | 7/11/97 | Affirmed | M.D.Tenn. |
| Smith v. Blick Clinic, Inc. | 96-3246 | 7/3/97 | Affirmed | N.D.Ohio |
| Stubblefield v. Truck Stops Corp. of America | 96-5800 | 7/10/97 | Affirmed | E.D.Tenn. |
| Tapp v. Callahan | 96-5554 | 6/30/97 | Affirmed | W.D.Ky. |
| Tomlinson v. Bituminous Cas. Corp. | 96-5944 | 7/10/97 | Affirmed | W.D.Tenn. |
| Treciak v. State of Ohio, Dept. of Commerce | 96-3303, 96-3693 | 7/10/97 | Affirmed | S.D.Ohio |
| Trent v. James N. Gray Const. Co., Inc. | 96-5870 | 7/10/97 | Affirmed | W.D.Ky. |
| Tuttle v. Franklin County, Tenn. | 96-5116 | 7/7/97 | Affirmed | E.D.Tenn. |
| U.S. v. Alminas | 96-5933 | 7/14/97 | Remanded | E.D.Ky. |
| U.S. v. Ash | 96-3097 | 7/9/97 | Affirmed | N.D.Ohio |
| U.S. v. Colbert | 96-5619 | 7/11/97 | Affirmed | W.D.Tenn. |
| U.S. v. Evans | 96-1266 | 7/2/97 | Affirmed | E.D.Mich. |
| U.S. v. Goard | 97-5251 | 6/24/97 | Affirmed | W.D.Ky. |
| U.S. v. Green River Coal Co., Inc. | 96-5617, 96-5618 | 6/18/97 | Rehearing Granted | W.D.Ky.; Rehearing of 107 F.3d 871 |
| U.S. v. Harris | 95-4356 | 7/1/97 | Affirmed | N.D.Ohio |
| U.S. v. Jackson | 95-2307 | 7/3/97 | Remanded | E.D.Mich. |
| U.S. v. Kurpiewski | 95-2366 | 7/3/97 | Affirmed | E.D.Mich. |
| U.S. v. Mays | 94-2293, 96-1626 | 7/2/97 | Affirmed | E.D.Mich. |
| U.S. v. Miller | 96-5788, 96-5853 | 7/11/97 | Affirmed | M.D.Tenn. |
| U.S. v. Quintero | 96-1228, 96-1364, 96-1431 | 7/14/97 | Affirmed | W.D.Tenn. |
| U.S. v. Toby | 96-2407 | 7/1/97 | Affirmed | E.D.Mich. |
| U.S. v. Watson | 96-5037 | 7/2/97 | Affirmed | M.D.Tenn. |
| U.S. v. Williams | 96-3163 | 7/1/97 | Affirmed | N.D.Ohio |
| Walker v. Chater | 95-4256 | 7/1/97 | Vacated | N.D.Ohio |
| Welker v. Goodyear Tire Co. | 96-3405 | 7/1/97 | Affirmed | N.D.Ohio |
| Younghiogheny and Ohio Coal Co. v. Pickana | 95-3868 | 7/3/97 | Affirmed | Ben.Rev.Bd. |