United States District Court
Southern District of Texas
FILED

APR 1 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ARTURO CARREON | : |
| | : |
| VS. | : CIVIL ACTION NO. B-03-234 |
| | : |
| BROWNSVILLE MEDICAL CENTER | : |
| AND TENET HEALTHCARE, LTD. | : |

## JOINT PRETRIAL ORDER

1. APPEARANCE OF COUNSEL

   List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

   Arturo Carreon - plaintiff

   Mr. Denis Downey
   1185 F.M. 802, Suite 3
   Brownsville, TX 78521
   tel:956-544-0561
   fax:956-544-0562
   Attorney for plaintiff
   Arturo Carreon

   Tenet Healthcare, Ltd. d/b/a
   Brownsville Medical Center - defendant

   Ferriel C. Hamby, Jr.
   Will Hughes
   Roger W. Hughes
   ADAMS & GRAHAM, L.L.P.
   222 E. Van Buren St., West Tower
   P. O. Drawer 1429
   Harlingen, TX 78551-1429
   tel:956-428-7495
   fax:956-428-2954
   Attorneys for defendants
   Tenet Healthcare, Ltd. d/b/a
   Brownsville Medical Center

2. STATEMENT OF THE CASE

   Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

Arturo Carreon, a resident of Brownsville, presented to Brownsville Medical Center's (BMC) emergency room on two occasions. He had a fractured ankle. He first presented in the emergency room on December 7, 2001, at 02:55 a.m. after drinking beer and was seen and splinted. He was discharged from the emergency room at 05:20 a.m. Mr. Carreon did not follow up with a private physician. He presented to the emergency department a second time, on December 14, 2001, at 14:51 p.m. and was re-splinted. He was discharged at 15:12 p.m. to follow up with a private doctor.

Mr. Carreon is suing the hospital contending the hospital did not properly screen and stabilize his condition. The hospital contends the healthcare providers properly recognized his fracture and stabilized it prior to discharging Mr. Carreon to follow up with a private physician. The hospital also contends Mr. Carreon did not mitigate his damages, that is take actions which would minimize his claimed injures.

3. JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

Federal question.

4. MOTIONS

List pending motions.

Defense Motion for Summary Judgment.

5. CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims.

Plaintiff contends the hospital violated EMTALA for failing to screen and stabilize Arturo Carreon.

The hospital contends that the plaintiff has failed to comply with Chapter 74 of the Texas Civil Practice and Remedies Code (former article 4590i) requirements as a prerequisite to prosecuting this claim. Defendant also claims damage limitations set forth in State law as well as the defense of plaintiff failing to mitigate his damages.

6. ADMISSIONS OF FACT

List all facts that require no proof.

No negligence allegations are made by the plaintiff.

7. CONTESTED ISSUES OF FACT

   List all material facts in controversy.

   Liability and damages.

8. AGREED PROPOSITIONS OF LAW

   List the legal propositions that are not in dispute.

   Plaintiff is not pursing a negligence cause of action.

9. CONTESTED PROPOSITIONS OF LAW

   State briefly the unresolved questions of law, with authorities to support each.

   Applicability of Texas Civil Practice and Remedies Code Chapter 74 (former article 4590i of the Texas Revised Civil Statutes) to this claim. Plaintiffs failed to provide pre-suit notice and statutory expert reports. See Tex. Civ. Prac. & Rem. Code §§ 74.051, 74.351. Plaintiff does not believe his EMTALA claim is a health care liability claim as defined by statute. The hospital believes the claim is a health care liability claim defined by statute.

10. EXHIBITS

    A. On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

    B. A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

    C. Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

    D. Parties must mark their exhibits to include the date and case number on each.

    E. At the trial, the first step will be the offer and

receipt in evidence of exhibits.

X-rays, medical records, exhibits to depositions will be admitted into evidence by the parties.

11. WITNESSES

    A. List the names and address of witnesses who may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to qualify the expert at trial.

    B. Include:

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

Arturo Carreon, plaintiff
5 Border Street
Brownsville, TX 78520
956-550-0218

Yolanda Aleman
Tulane Road
Brownsville, TX
956-550-0218
(Plaintiff's mother)

Dr. Timothy Rogler-Brown, ER Physician
6500 Padre Blvd., Unit 4
South Padre Island, TX 78597

Eugene O'Brien, retained hospital expert
10006 Lazy J Trail
Helotes, TX 78023
Defense expert


Dr. Michael Mohun, retained hospital expert
1000 North 8th
McAllen, TX 78501
Defense expert

Dr. John Wells
Plaintiff's expert
Defendant objects to Dr. Wells testifying because he was not timely designated nor was a report provided for Dr. Wells.

Ingrid Steinbach, R.N., ED Director
Valley Baptist Medical Center-Brownsville
1040 West Jefferson
Brownsville, TX 78520

Lois Marchan, R.N.
Valley Baptist Medical Center-Brownsville
1040 West Jefferson
Brownsville, TX 78520

Dr. Oliver Achleitner
Orthopaedic Surgeon
800 West Jefferson St., Suite 200
Brownsville, TX 78520

Custodians of Records from the hospital in the event of any authenticity issues concerning the records or radiographs.

12. SETTLEMENT

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

Parties are negotiating and per the Court's requirement have agreed to participate in a half day mediation. Plaintiff has agreed to send a written settlement demand to defense counsel.

13. TRIAL

    A.   Probable length of trial;

    Approximately two days.

    B.   Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

    One of defendant's experts is from San Antonio. The other defense expert is a practicing emergency physician and scheduling may be difficult depending on the emergency room schedule at the institution where the emergency physician expert practices.

    Also listed as witnesses are Dr. Timothy Rogler-Brown who is a practicing doctor as well as Dr. Oliver Achleitner who is a practicing doctor.

14. ATTACHMENTS

    Include these required attachments:

    A.   For a jury trial:

         (1)   Proposed questions for the voir dire examination.

         (2)   Proposed charge, including instructions, definitions, and special interrogatories, with authority.

    B.   For a nonjury trial:

    (1)   Proposed findings of fact (without repeating uncontested facts) and

    (2)   Conclusions of law, with authority.

    A.   Proposed questions for the voir dire examination.
    B.   Proposed Charge.

Date: _____          _____
                                       UNITED STATES DISTRICT JUDGE


Approved:

Date: April 14/05             _____
                              Attorney-in-Charge, Plaintiff

Date: April 14, 2005          _____
                              Attorney-in-Charge, Defendant